**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**Jeison David Aceituno Moran**,

    Petitioner,

    v.                                       Case No. 2:26-cv-02717-BCL-cgc

**Western Tennessee Detention Facility et al.,**

    Respondent.

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS
CORPUS TO THE EXTENT OF REQUIRING BOND HEARING**

---

Petitioner Jeison David Aceituno Moran filed a Petition for Writ of Habeas Corpus in which he challenged his detention without a bond hearing pending the outcome of removal proceedings. Doc. 1. Petitioner also filed an accompanying Emergency Temporary Restraining Order. Doc. 2. This Court ordered Respondent to state its position following the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Doc. 6. Respondent advised that he may seek further appellate review of that decision, but at this time, the Court should order that Petitioner be provided a custody redetermination hearing within ten days or be released if that does not occur. Doc. 10. Petitioner has not filed a reply.

In light of the Sixth Circuit decision in *Lopez-Campos* and Respondent's agreement it requires a custody redetermination hearing in this case, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten** days of the date of this order or, in the alternative, release him from custody. The Court grants this relief for two reasons. First, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 175 F.4th at 713, 735 ("[O]ur

understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing him to obtain through the remedy of habeas something more than that to which he is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make his case for release at a bond hearing. *Second*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

**CONCLUSION**

Plaintiff's Petition for Writ of Habeas Corpus is **GRANTED** to the extent that the Court **ORDERS** Respondents to provide Petitioner with a custody redetermination hearing within **ten days** of the date of this order or, in the alternative, release from custody. Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as moot.

IT IS SO ORDERED, this 7th day of July 2026.

s/ *Brian C. Lea*
_____
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE